16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Spencer CARPENTER, Plaintiff-Appellant,
v.
Janice P. DREILING, Defendant-Appellee.
 No. 93-5185.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BALDOCK
 
 1
 Plaintiff John Spencer Carpenter, proceeding pro se, appeals the district court's dismissal of his civil rights complaint as frivolous under 28 U.S.C.1915(d). We have jurisdiction under 28 U.S.C. 1291.
 
 
 2
 Plaintiff, acting pro se and requesting leave to proceed in forma pauperis, 28 U.S.C.1915(d), filed his complaint in federal district court pursuant to 42 U.S.C.1983, seeking damages against Defendant Janice P. Dreiling for violating Plaintiff's civil rights. Before Defendant was served with Plaintiff's complaint, the district court, acting sua sponte, dismissed the complaint without prejudice as frivolous under 28 U.S.C.1915(d), finding Defendant absolutely immune from suit.
 
 
 3
 We review the trial court's dismissal for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The complaint names Defendant as the only party defendant and identifies Defendant as a Washington County District Judge. The allegations against Defendant as set forth in the complaint indicate that she was acting in her capacity as a judge. Because the law is clearly established that judges, when acting in their judicial capacity, are entitled to absolute immunity, see Stump v. Sparkman, 435 U.S. 349, 356 (1978), the district court did not abuse its discretion.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 22, 1993. --- F.3d ----